Warren Lipschitz*
wlipschitz@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Eliza Beeney*
ebeeney@mckoolsmith.com
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001-8603
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

James R. Patterson, SBN 211102
jim@pattersonlawgroup.com
Jennifer M. French, SBN 265422
jenn@pattersonlawgroup.com
PATTERSON LAW GROUP, APC
1350 Columbia Street, Unit 603
San Diego, California 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

*pro hac vice application forthcoming*

*Attorneys for Applicant
Nokia Technologies Oy*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In Re Ex Parte* Application of Nokia Technologies Oy,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for use in Foreign Proceedings. | CASE NO.:<br><br>**DECLARATION OF XU JING IN SUPPORT OF APPLICATION OF NOKIA TECHNOLOGIES OY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FROM QUALCOMM INCORPORATED FOR USE IN FOREIGN PROCEEDINGS** |

I, Xu Jing, hereby declare as follows:

1. I am a Chinese qualified lawyer and a partner at the law firm of King & Wood Mallesons. I received my law degree from Shandong University School of Law and was admitted to the bar of the People's Republic of China in 2002.

2. I focus my practice on intellectual property litigation and have worked on a variety of patent disputes in China, particularly in the field of mobile telecommunications. I am a member of the Beijing Lawyers Association.

3. I have personal knowledge of all facts stated in this declaration and if called as a witness, could and would competently testify to these facts.

4. I respectfully submit this declaration in support of the Application of Nokia Technologies Oy ("Nokia") for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings (the "Application").

<u>The Chinese Actions</u>

5. On August 5, 2021, Nokia filed two patent infringement actions against Guangdong OPPO Mobile Telecommunications Co. Ltd (in the following: "Oppo"). In the first action, filed in the Suzhou Intermediate People's Court, Nokia named Oppo and its local distributor, Suzhou De Cai Telecommunications Co. Ltd, as defendants (in the following: the "'064 Action"). In the second action, filed in the Beijing Intellectual Property Court, Nokia named Oppo and its local distributor, Beijing Ming Xin Electronic Products Co. Ltd, as defendants (in the following: the "'177 Action"). I am lead counsel for Nokia in both actions (in the following: the "Chinese Actions").

6. True and correct copies of the Complaints filed in the Chinese Actions, as well as unofficial English translations of the same, are attached hereto as Exhibit A.

7. In the '064 Action, Nokia alleges that certain Oppo cellular phones infringe Nokia's patent, Chinese Patent No. ZL200580013518.8, which is the Chinese

1

XU DECL. IN SUPPORT OF NOKIA'S APPLICATION FOR AN ORDER
GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

counterpart to WO 2005/107064 and relates to a front-end topology for multiband or multimode cellular handset electronics. In the '177 Action, Nokia alleges that certain Oppo cellular phones infringe Nokia's patent, Chinese Patent No. ZL200680009521.7, which is the Chinese counterpart to WO 2006/085177 and relates to a radio frequency transmitter. Nokia's allegations are based, in part, on the function of Qualcomm Incorporated ("Qualcomm") computer chips in the Accused Products.

8. Qualcomm is not a party to the Chinese Actions.

9. The proceedings in the Chinese Actions are at an early stage, and the Chinese courts have not issued any substantive rulings. Nokia has not sought or obtained any discovery in the Chinese Actions.

Chinese Discovery Procedures

10. Under Chinese law, there is no discovery process in civil litigation proceedings similar to that in the United States, and the defendants in the Chinese Actions may not be subject to any legal liability if they refuse to submit relevant information to the Chinese courts. Nokia is therefore unable to obtain the pre-trial discovery sought in the Application in the Chinese Actions.

11. Chinese courts are receptive to evidence obtained through section 1782 proceedings in the United States as there is a free evaluation of evidence. I am not aware of any rule prohibiting a party from seeking evidence via section 1782 or declaring such evidence inadmissible in Chinese legal proceedings.

12. Accordingly, Nokia will be able to submit any documents obtained through the Application in the Chinese Action by written submission of facts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of October, 2021 at Beijing, China.

_____
Jing Xu

3

XU DECL. IN SUPPORT OF NOKIA'S APPLICATION FOR AN ORDER GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS