UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NOKIA TECHNOLOGIES OY | Case No.: 21mc1487 (MSB)<br><br>**ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR LEAVE TO OBTAIN DISCOVERY FROM QUALCOMM INCORPORATED FOR USE IN FOREIGN PROCEEDINGS [ECF NO. 1]** |

Pending before the Court is an ex parte application by Nokia Technologies Oy ("Applicant") for an order pursuant to 28 U.S.C. § 1782 to obtain discovery from Qualcomm Incorporated ("Qualcomm") for use in foreign proceedings. (ECF No. 1.) Specifically, Applicant seeks discovery for use in two patent infringement suits pending in the People's Republic of China. (ECF No. 1 at 5.) Qualcomm does not oppose the present application. (ECF No. 12.)

### I. RELEVANT BACKGROUND

Applicant is the plaintiff in two patent infringement suits: the first one, filed in the Suzhou Intermediate People's Court, names Guangdong Oppo Mobile

Telecommunications Co. Ltd. ("Oppo") and Suzhou De Cai Telecommunications Co. Ltd. ("Suzhou De Cai") as defendants, and the second suit, filed in the Beijing Intellectual Property Court, names Oppo and Beijing Ming Xin Electronic Products Co. Ltd. ("Beijing Ming Xin") as defendants. (ECF No. 1-6 at 2.). Both suits allege that certain mobile phones manufactured by Oppo and distributed by Suzhou De Cai and Beijing Ming Xin infringe Applicant's Chinese patents. (Id.)

Applicant asserts that the mobile phones in question use Qualcomm's chips, and that the suits are based, in part, on the function of Qualcomm's chips in the mobile phones. (Id. at 3.) Applicant makes three document requests relating to the function of the chips along with a request for documents to authenticate the productions from the first three requests, and testimony authenticating all documents. (See ECF 1-4.)

## II.     APPLICABLE LAW

Under Title 28 section 1782 of the United States Code, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C.A. § 1782(a) (West 2021). The primary purpose of section 1782 is to "provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). The party seeking discovery is not required to establish that the information it seeks would be discoverable under the foreign court's law or that the United States would permit the discovery at issue in an analogous domestic proceeding. Palantir Techs., Inc. v. Abramowitz, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019) (citing Intel, 542 U.S. at 247, 261–63).

A district court may authorize discovery under section 1782(a) where "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" Khrapunov v. Prosyankin, 931 F.3d

922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)). Even if the statutory requirements are satisfied, a district court may exercise its discretion to deny the requested discovery. In re Premises Located at 840 140th Ave. NE, Bellevue, Wash., 634 F.3d 557, 563 (9th Cir. 2011); see also Intel, 542 U.S. at 264 ("A district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."). In exercising its discretion whether to grant an application for such discovery, a district court considers the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court" to U.S. federal-court assistance; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (4) whether the request is "unduly intrusive or burdensome." Intel, 542 U.S. at 264–65; see also In re Koninklijke Philips N.V., No. 17-MC-1681-WVG, 2018 WL 620414, at *1 (S.D. Cal. Jan. 30, 2018).

### III.   ANALYSIS

**A.   Applicant Satisfies the Statutory Requirements.**

Applicant easily meets the statutory requirements. First, because Qualcomm's principal place of business is in San Diego, California, (see ECF No. 1-5), Qualcomm "resides or is found" in this District. See In re Koninklijke Philips N.V., 2018 WL 620414, at *1 (finding entity satisfied the first statutory requirement because it "maintain[ed] its principal place of business" in San Diego, in California's Southern District). Second, this application is for discovery that will be used in pending proceedings in Chinese courts, (see ECF No. 1 at 7), which qualify as foreign tribunals. See In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc., No. 221MC00374CASMAAX, 2021 WL 4391882, at *3 (C.D. Cal. Apr. 5, 2021) ("Petitioner seeks discovery for use in patent infringement proceedings that are pending in the Beijing Intellectual Property Court, which satisfies the statutory requirement that the discovery be 'for use' in a proceeding before a foreign tribunal."). Third, as a party to the litigation, (ECF No. 1 at 7), Applicant is an

"interested party." See Intel, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782.") (cleaned up and citation omitted).

**B.     The Discretionary Factors Favor Discovery.**

The Court next considers whether the discretionary factors favor permitting Applicant's requested discovery, and for the following reasons, finds the requested discovery should be permitted.

### 1.     Foreign Tribunal's Jurisdictional Reach

If the entity from whom discovery is sought is not a party to the foreign litigation, the party may be outside the foreign government's jurisdiction, and the first factor weighs in favor of discovery. Intel, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

Applicant contends that "because Qualcomm is not a participant in the Chinese actions," it "has no way to request the discovery sought here." (ECF No. 1 at 12.) Applicant also argues that because China implements a civil law system, "which lacks procedures [analogous] to the pretrial discovery regime operative in the United States," the requested material is not obtainable in the foreign jurisdiction. (Id.) Qualcomm does not dispute that it is not a party to the foreign litigation. (See ECF No. 12.)

Here, Applicant has shown through the declaration of Xu Jing, a Chinese attorney, that, in China, "there is no discovery process in civil litigation proceedings similar to that in the United States" and thus, the defendants in the foreign proceedings "may not be subject to any legal liability if they refuse to submit relevant information to the Chinese courts." (ECF No. 1-6 at 3.) The Court in Intel recognized the obstacles that civil-law systems place on pretrial discovery, and their reluctance to compel the production of documentary evidence. See Intel, 542 U.S at 261 n.12. Therefore, it is unlikely that Applicant will be able to obtain the material through the foreign proceedings, especially

because Qualcomm is not a party to the foreign proceedings.  This factor weighs in favor of granting discovery.

### 2.     Receptivity of the Foreign Government

Consideration of the second factor requires courts to assess whether the foreign court is receptive to the requested discovery.  <u>Intel</u>, 542 U.S at 264.  "When the parties do not provide evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery."  <u>In re Koninklijke Philips N.V.</u>, 2018 WL 620414, at *2 (citation omitted); <u>see also</u> <u>Palantir Techs.</u>, 415 F. Supp. 3d at 915 ("[I]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery.") (internal citation omitted).  Relying on Mr. Xu's declaration, Applicant argues that "there is no law or rule in China prohibiting a litigant from seeking recourse to section 1782. . . . Nor is there any other practice suggesting that China or its courts disfavor section 1782 discovery."  (ECF No. 1 at 13; ECF No. 1-6 at 3.)  Applicant asserts that there is in fact "affirmative evidence that the Chinese courts *would* be receptive to evidence obtained through this Application" because China is a party to the Hague Convention on the Taking of Evidence Abroad in Civil Commercial Matters.  (ECF No. 1 at 13-14.)  Qualcomm does not provide any evidence to the contrary.  (<u>See</u> ECF No. 12.)

This court finds no evidence that the Chinese courts would be unreceptive to the evidence obtained through this application, and therefore finds this factor weighs in favor of granting the application.

### 3.     Attempt to Circumvent Foreign Restrictions or Policies

Third, the Court considers whether the Applicant "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  <u>Intel</u>, 542 U.S at 265.  "Where there is a 'perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782' this factor may weigh against an application."  <u>In re Plan. & Dev. of Educ., Inc.</u>, No. 21-MC-80242-JCS, 2022 WL 228307, at *4 (N.D. Cal. Jan. 26, 2022) (citation

1  omitted). "But absence of evidence of attempted circumvention weighs in favor of an
2  application." In re Tagami, No. 21-MC-80153-JCS, 2021 WL 5322711, at *3 (N.D. Cal.
3  Nov. 16, 2021); see also In re Koninklijke Philips N.V., 2018 WL 620414, at *2 ("Applicant
4  is unaware of any [foreign] rule or policy that prohibits the gathering of the evidence
5  sought. . . . Thus, this factor weighs in favor of granting the Application."). Applicant
6  states it has "not sought, and neither Chinese court has denied, the discovery
7  requested." (ECF No. 1 at 15.) Further, Applicant argues "[t]here is no evidence that
8  [Applicant] makes this Application in bad faith or in an attempt to circumvent any ruling
9  or policy" of the Chinese courts. (Id.) Qualcomm does not rebut this argument. (ECF
10 No. 12.)

This court finds that Applicant makes the instant requests not to circumvent any restrictions or policies of the foreign jurisdiction, but to obtain discovery that would be difficult to obtain otherwise due to limited discovery processes. Based on the cited authority, the Court finds this factor favors discovery.

### 4. Unduly Intrusive or Burdensome Requests

Under Intel, "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. Applicant characterizes its requests as "highly relevant" and "narrowly tailored." (ECF No. 1 at 16.) Applicant compares its requests, which relate to "four specifically identified Qualcomm chips in a single manufacturer['s] mobile phones" and do not include source code, to requests typically made to chipmakers like Qualcomm that often involve "dozens or even hundreds of chips and request production of highly confidential source code." (Id.) Applicant maintains that because its requests are "limited to a five-year time period and are targeted at particular documents . . . [t]he requests are unlikely to impose a significant burden on Qualcomm." (Id.) Qualcomm does not address the substance of the requests, but reserves its right to raise objections and seek a protective order after being served. (ECF No. 12 at 2.)

Even though Qualcomm does not oppose the instant application, this does not rule out the possibility that the discovery requests will be unduly intrusive or burdensome.  However, Qualcomm will have an opportunity to object to these requests if it finds that to be the case, and Applicant is "prepared to enter into a protective order to protect Qualcomm's material."  (ECF No. 1 at 16); see also In re Mireskandari, No. 12-CV-2865-IEG (DHB), 2012 WL 12877390, at *3 (S.D. Cal. Dec. 20, 2012) ("[The party from whom discovery is sought] is certainly free to object to these requests as appropriate.").  Accordingly, this factor weighs in favor of granting the application.

## IV.  CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **GRANTS** Applicant's unopposed request to conduct discovery pursuant to section 1782.  Applicants may issue and serve on Qualcomm the subpoena attached to the application [ECF No. 1-4].  A copy of this Order must be served with the subpoena.  Nothing in this order prevents Qualcomm from asserting any challenges to the subpoena after it is served.

**IT IS SO ORDERED**.

Dated: March 15, 2022

Honorable Michael S. Berg
United States Magistrate Judge