1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In Re Ex Parte* Application of Nokia Technologies Oy,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for use in Foreign Proceedings. | CASE NO. 3:21-mc-01487<br><br>**[PROPOSED] PROTECTIVE ORDER FOR INITIAL REVIEW OF DOCUMENTS** |

The Court, having reviewed the Joint Motion for Protective Order for Initial Review of Documents submitted by Applicant Nokia Technologies Oy ("Nokia") and Respondent Qualcomm Incorporated ("Qualcomm"), and finding good cause therefore, IT IS HEREBY ORDERED: that the Joint motion is granted, and the parties are ordered to comply with the terms of the provisions herein.

**A.     Definitions**

1. The "Foreign Actions" means the actions initiated by Nokia against Guangdong Oppo Mobile Telecommunications Co. Ltd ("Oppo"), Suzhou De Cai Telecommunications Co. Ltd, and Beijing Ming Xin Electronic Products Co. Ltd, for patent infringement filed in the Suzhou Intermediate People's Court (subsequently transferred to the Jiangsu High People's Court) and the Beijing Intellectual Property Court.

2. "Designated Qualcomm Material" means technical documents responsive to the subpoena of the same general type that Qualcomm previously produced pursuant to Nokia's 1782 subpoena in Southern District of California Case No. 3:21-mc-1009, to the extent that such documents exist, for each of the four (4) Qualcomm Chips at issue.  Designated Qualcomm Material is limited as defined above and does not include either chip-level schematics or text-based source code of any type (software, firmware, hardware, etc.).

3. "Outside Consultant" means a person who has been retained by Nokia to serve as an expert witness or consultant in one or more of the Foreign Actions (including any necessary support personnel of such person to whom disclosure is reasonably necessary), and who is not a current employee or non-litigation consultant of a Party, a competitor of a Party or of Non-Party Qualcomm and who, at the time of retention, is not anticipated to become an employee or a non-litigation consultant of (a) a Party, (b) a competitor of a Party, or (c) a competitor of Qualcomm.

4.  "Counsel of Record" means attorneys for Nokia (including any necessary support personnel of such attorneys to whom disclosure is reasonably necessary) who are not employees of Nokia and who have been retained to represent or advise Nokia in one or more of the Foreign Actions or this action.

5.  "Authorized Reviewer(s)" means an Outside Consultant or Counsel of Record authorized under this Protective Order to review Designated Qualcomm Material in accordance with this Stipulation and Order.

### B. Process for Approval of Authorized Reviewers For Initial Review

6.  <u>Notice</u>: If Nokia seeks Qualcomm's approval of an Outside Consultant as an Authorized Reviewer to perform initial review of Designated Qualcomm Material in the U.S. pursuant to this Stipulation and Order, Nokia must, prior to the Outside Consultant being granted access to any Designated Qualcomm Material, provide notice to counsel for Qualcomm, which notice shall include: (a) the individual's name, business title, and country of citizenship; (b) the individual's business address; (c) the individual's business or profession; (d) the individual's curriculum vitae; (e) any previous or current relationship (personal or professional) with Qualcomm, Nokia or Oppo; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy (including technology at issue) or employment, the case name and information if the consultancy is litigation-related, and a copy of (1) the "Acknowledgment and Agreement to Be Bound by the Stipulation and Order" attached hereto as Exhibit A and (2) the "Certification Of Consultant" attached hereto as Exhibit B, each signed by that Outside Consultant. Notice shall be provided to counsel for Qualcomm via email to dkays@mffmlaw.com, dwaslif@mffmlaw.com, and flugo@mffmlaw.com.  Nothing in this provision shall

2

[PROPOSED] PROTECTIVE ORDER FOR INITIAL REVIEW OF DOCUMENTS
CASE NO. 3:21-mc-01487

be construed to require the disclosure of any information that is prohibited by Outside Consultants' confidentiality or other obligations.

7.  <u>Notice</u>: If Nokia seeks Qualcomm's approval of a Counsel of Record as an Authorized Reviewer to review Designated Qualcomm Material pursuant to this Stipulation and Order, Nokia must, prior to such Counsel of Record being granted access to any Designated Qualcomm Material, provide notice to counsel for Qualcomm, which notice shall include: (a) the individual's name, (b) country of citizenship, (c) business address, (d) jurisdiction(s) in which the individual is admitted to the bar and (e) a copy of the "Acknowledgment and Agreement to Be Bound by the Stipulation and Order" attached hereto as Exhibit A.

8.  <u>Objections</u>: With respect to either Outside Consultants or Counsel of Record disclosed to Qualcomm pursuant to Paragraphs 6 and 7, Qualcomm shall have five (5) business days from receipt of notice and all of the information specified in Paragraphs 6 and 7 to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than hand delivery, e-mail delivery, or facsimile transmission). After the expiration of the 5-day (plus 3-day, if appropriate) period, if no objection for good cause has been asserted by Qualcomm, then said individual will be considered an Authorized Reviewer pursuant to the terms of this Order. Any objection by Qualcomm must be made for good cause, and must set forth in detail the grounds on which it is based. Should Nokia disagree with the basis for the objection(s), Nokia and Qualcomm must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within three (3) business days from the date upon which Nokia was first notified of any objection(s) by Qualcomm, then Qualcomm and Nokia shall make a joint call to the Court and request an Informal Discovery Conference to resolve the dispute. Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the

objection(s) for good cause by Nokia and Qualcomm, the discovery material shall not be disclosed to the person objected to by Qualcomm.

### C. Initial Review of Designated Qualcomm Material in the United States

9. Qualcomm shall produce Designated Qualcomm Material to Nokia's U.S. Counsel of Record, McKool Smith, for an initial review in the United States by Authorized Reviewers as follows:

a. Qualcomm's production of Designated Qualcomm Material for this initial review in the U.S. is without prejudice to Qualcomm's ability to object to its use in the Foreign Actions on any basis. Qualcomm's agreement not to require that the initial review of Designated Qualcomm Material take place at Qualcomm's Prosearch facility shall not be used by Nokia as a basis to argue that such material is less confidential than source code or chip-level schematics. Nokia expressly reserves the right to make any and all other arguments regarding the confidential nature of the Designated Qualcomm Material, including by arguing that it is less confidential than source code or chip-level schematics for reasons other than the fact that, in this case, Qualcomm agreed to produce the Designated Qualcomm Material directly to Nokia's counsel in electronic form.

b. Designated Qualcomm Material produced for this initial review shall (1) be physically stored in the U.S. and reviewed by Authorized Reviewers who themselves are physically located in the U.S., (2) be produced as PDFs or in native format, and (3) contain the legend "HIGHLY CONFIDENTIAL – QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY – FOR INITIAL REVIEW IN THE U.S. ONLY" on each page of the Material. Where Designated Qualcomm Material is produced in native format, such documents shall be designated "HIGHLY CONFIDENTIAL – QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY – FOR INITIAL REVIEW IN THE U.S. ONLY" by appending such label in the file

names and any associated slip sheets. If Authorized Reviewers print any hard copies of native files or portions of native files in connection with the initial review process, they shall affix a legend to the printed document corresponding to Qualcomm's designation and including the production number and designation associated with the native file.

   c. Designated Qualcomm Material is to be accessed only by Authorized Reviewers solely in connection with this initial review in the U.S., and must be stored and maintained by Authorized Reviewers in a location and in a secure manner that ensures, to the greatest extent possible, that access is limited to Authorized Reviewers within the U.S.

   d. Authorized Reviewers may discuss the Designated Qualcomm Material with Counsel of Record for purposes of identifying the Designated Qualcomm Material to be designated for use in the Foreign Actions.

   e. Authorized Reviewers may designate portions of the Designated Qualcomm Material for potential use by Nokia in connection with the Foreign Actions ("Proposed Foreign Action Designated Qualcomm Material"), by identifying the document and the page numbers therefrom.

**D.** **Further Handling of Designated Qualcomm Material To Be Governed By Follow-On Protective Order**

  10. The handling of Designated Qualcomm Material following Nokia's inspection and designation of Proposed Foreign Action Designated Qualcomm Material, including objections to Nokia's designations by Qualcomm and restrictions on access to and use of such materials in the Foreign Actions, will be governed by a follow-on protective order to be sought from the Court.

**E.** **Final Disposition**

  11. Within sixty (60) days of termination of the Foreign Actions, Nokia, including Counsel of Record for Nokia, will destroy all Designated Qualcomm

Material produced by Qualcomm, as well as destroy or redact all work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence containing information from such Designated Qualcomm Material ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. Within sixty (60) days of the termination of the Foreign Actions, Nokia shall serve Qualcomm with a certification stating that it, including its Counsel of Record, has complied with its obligations under this paragraph. With respect to any copy of Designated Qualcomm Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies or extracts of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Qualcomm or such shorter period as required by court order, subpoena, or applicable law.

**IT IS SO ORDERED:**

DATED:

_____
Hon. Michael S. Berg
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
## BY THE PROTECTIVE ORDER

I, _____, declare and say that:

1. I am employed as _____ by _____ .

2. I have read the Stipulation and Protective Order For Initial Review of Documents ("Protective Order") entered in *In re Ex Parte Application of Nokia Technologies Oy*, Case No. 3:21-MC-01487 (S.D. Cal.), and have received a copy of and agree to be bound by the Protective Order.

3. I promise that I will use any and all "Designated Qualcomm Material" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in one or more of the Foreign Actions.

4. I promise that I will not disclose or discuss such "Designated Qualcomm Material" information with anyone other than the persons authorized under the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of information designated "HIGHLY CONFIDENTIAL – QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY – FOR INITIAL REVIEW IN THE U.S. ONLY" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

/ / /

/ / /

1  I declare under penalty of perjury that the foregoing is true and correct.

2

3  Executed on: _____

4  [Printed name]: _____

5  [Signature]: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

## CERTIFICATION OF CONSULTANT

I, _____, of _____

_____ declare and say that:

1. I am not an employee of the Party who retained me or of a competitor of any Party or Qualcomm and will not use any information, documents, or things that are subject to the Stipulation and Protective Order For Review of Documents ("Protective Order") entered in *In re Ex Parte Application of Nokia Technologies Oy*, Case No. 3:21-MC-01487 (S.D. Cal.), for any purpose other than one or more of the Foreign Actions and as permitted in the Protective Order.  I agree not to perform hardware or software development work or product development work intended for commercial purposes, or  participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application, related to the particular technology or information disclosed in the Designated Qualcomm Material, from the time of receipt of such material through and including the date that I cease to have access to any material designated "HIGHLY CONFIDENTIAL – QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY – FOR INITIAL REVIEW IN THE U.S. ONLY" .

2. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

3. I understand that any disclosure or use of information designated "HIGHLY CONFIDENTIAL – QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY – FOR INITIAL REVIEW IN THE U.S. ONLY" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

/ / /

1  I declare under penalty of perjury that the foregoing is true and correct.

3  Executed on: _____

4  [Printed name]: _____

5  [Signature]: _____